IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02124-BNB

SHAWN MANDEL WINKLER,

    Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO, and
ARISTEDES W. ZAVARAS, Executive Director, Colorado Department of Corrections,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 1 9 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER DENYING PETITION TO CHANGE VENUE

---

This matter is before the Court on Applicant's "Petition to Change Venue" filed on October 8, 2010 (Doc. # 13) (the "Motion"). In the Motion, Applicant requests that the Court transfer his action to the United States District Court for the District of Columbia because he believes that there is a "conflict of interest" with his case and the "Tenth U.S. District Court." Motion at 2. Applicant asserts that the judges in Colorado are "politically connected to Colorado jurisprudence, practice and policies controvene [sic] to Constitutional law making in [sic] impossible to be impartial fact finders." *Id.* at 3.

Applicant is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated in the Sterling Correctional Facility in Sterling, Colorado. He initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

First, with respect to Applicant's request that this action be transferred to the United States District Court for the District of Columbia, district courts can grant habeas corpus relief only "within their respective jurisdictions." 28 U.S.C. § 2241(a). This requires that a district court have jurisdiction over the applicant's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). In this case, Applicant is incarcerated at the Sterling Correctional Facility in Sterling, Colorado; therefore, his custodian is Kevin Milyard. The District of Columbia does not have jurisdiction over Applicant's custodian. Applicant's § 2254 application may only be filed in the District of Colorado. Accordingly, Applicant's request to transfer this action to the District of Columbia will be denied.

Second, to the extent that Applicant's motion could be construed as a motion for my recusal, that request will also be denied. Title 28 U.S.C. § 455(a) provides that a judge or magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). In this case, Applicant does not identify any reason why my "impartiality might reasonably be questioned." *Id.* Therefore, the request for my recusal will be denied. Accordingly, it is

ORDERED that Applicant's "Petition for Change of Venue," filed on October 8, 2010 (Doc. # 13) is DENIED.

DATED October 19, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02124-BNB

Shawn Mandel Winkler
Prisoner No. 48319
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Susan E. Friedman
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/19/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk