IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 28 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02124-BNB

SHAWN MANDEL WINKLER,

    Applicant,

v.

ARISTEDES W. ZAVARAS, Executive Director, Colorado Department of Corrections, and THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Shawn Mandel Winkler, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Mr. Winkler initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 94-cr-578 in the Denver City and County District Court of Colorado. Mr. Winkler filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on September 1, 2010.

In an order entered on September 8, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Pre-Answer Response on September 20, 2010. Mr. Winkler filed his Reply on September 27, 2010,

and a Supplement to his Reply on October 21, 2010.

The Court must construe liberally the Amended Application filed by Mr. Winkler because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On August 23, 1994, Mr. Winkler pled guilty to one count of second degree burglary. See Pre-Answer Resp. at Ex. A, p. 6 (State Register of Actions). Also on August 23, 1994, the trial court sentenced him to twenty years in the DOC plus a five year term of mandatory parole. *Id.* Mr. Winkler did not file a direct appeal.

On August 12, 2009, Mr. Winkler filed a motion to correct an illegal sentence pursuant to Colorado Rule of Criminal Procedure 35(a). *Id.* at 7. The trial court denied the motion on September 24, 2009. *Id.* Mr. Winkler filed a Notice of Appeal on October 27, 2009. *Id.* The Colorado Court of Appeals (CCA) affirmed the trial court on April 22, 2010, but remanded the case with directions for the trial court to correct the mittimus. See *People v. Winkler*, No. 09CA2349 (Colo. App. April 22, 2010) (unpublished opinion) (Pre-Answer Resp. at Ex. E). Mr. Winkler filed a petition for rehearing on May 6, 2010, which the CCA denied on June 3, 2010. Pre-Answer Resp. at Ex. G.

Mr. Winkler filed a Petition for Rule to Show Cause in the Colorado Supreme Court on June 21, 2010. *Id.* at Ex. H. The Colorado Supreme Court denied the Petition

on July 13, 2010. *Id.* at Ex. I.

Mr. Winkler then filed the instant action, which was received by the Court on August 31, 2010. In the Amended Application, which was received by the Court on September 1, 2010, Mr. Winkler asserts four claims.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Winkler's criminal case became final. The final sentence in Mr. Winkler's case entered on August 23, 1994. Pre-Answer Resp. at Ex. A, p. 6. Because Mr. Winkler did not file a direct appeal, the Court therefore finds that his conviction became final on October 7, 1994, forty-five days after he was sentenced. *See* Colo. App. R. 4(b); **Locke v. Saffle**, 237 F.3d 1269, 1273 (10th Cir. 2001). However, the Application, which was filed in 2010, is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* **Preston v. Gibson**, 234 F.3d 1118, 1120 (10th Cir. 2000). Where a conviction became final before AEDPA took effect, as is the case here, the limitations period for a federal habeas petition begins on AEDPA's effective date, April 24, 1996. *See id.* (citing **Hoggro v. Boone**, 150 F.3d 1223, 1225-26 (10th Cir. 1998)). Therefore, even though Mr. Winkler's conviction became final on October 7, 1994, the limitations period did not begin running in his case until April 24, 1996. *See id.*

The Court must next determine whether any of Mr. Winkler's state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." **Artuz v. Bennett**, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required

4

> filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

There were no pending motions in Mr. Winkler's state court action between April 24, 1996, and August 11, 2009. *See* Pre-Answer Resp. at Ex. A, p. 6-7. Accordingly, the limitation period began to run on April 24, 1996, and ran until it expired on April 24, 1997. Because the one-year limitation period expired before Mr. Winkler filed his first postconviction motion on August 12, 2009, that motion, and any subsequent motions, could not have tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). As such, because Mr. Winkler did not file his habeas corpus application in this Court until August 31, 2010, more than fourteen years after the limitations period expired, the Court finds that the action is untimely and must be dismissed.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Winkler bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Winkler fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court. Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Winkler has exhausted his state court remedies. Accordingly, it is

ORDERED that the Amended Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this <u>27th</u> day of <u>October</u>, 2010.

BY THE COURT:

*Christine M. Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02124-BNB

Shawn Mandel Winkler
Prisoner No. 48319
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Susan E. Friedman
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/28/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk