IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 09 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02124-ZLW

SHAWN MANDEL WINKLER,

    Applicant,

v.

ARISTEDES W. ZAVARAS, Executive Director, Colorado Department of Corrections, and THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant, Shawn Mandel Winkler, filed *pro se* on November 4, 2010, a motion to reconsider which he characterizes as an "Objection to Summary Judgment." Mr. Winkler asks the Court to reconsider the order of October 28, 2010, which dismissed the Amended Application and the action as barred by the one-year limitation period in 28 U.S.C. § 2244(d)

The Court must construe liberally Mr. Winkler's filings because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Winkler's motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the judgment was entered in this action on October 28. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In the dismissal order, the Court found that Mr. Winkler did not file his habeas corpus application until more than fourteen years after the limitations period set forth in 28 U.S.C. § 2244(d) had expired. The Court also noted that Mr. Winkler failed to assert any basis for equitable tolling, and therefore, dismissed the amended application as untimely. The reasons for the dismissal are discussed in greater detail in the October 28 dismissal order.

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Mr. Winkler fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Winkler fails to demonstrate the existence of an intervening change in controlling law or new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Objection to Summary Judgment" that Applicant, Shawn Mandel Winkler, filed *pro se* on November 4, 2010, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this 9th day of November, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02124-ZLW

Shawn Mandel Winkler
Prisoner No. 48319
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Susan E. Friedman
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/9/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk